IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| JULIA AMBER MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-06132-CV-SJ-ODS |
| ) | |
| MICHAEL BYRD, et al., ) | |
| ) | |
| Defendants. ) | |

<u>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT DAVIESS/DEKALB
REGIONAL JAIL'S MOTION FOR JUDGMENT ON THE PLEADINGS</u>

Pending is Defendant Daviess/DeKalb Regional Jail's ("the Jail')[1] Motion for Judgment on the Pleadings. Doc. #15. For the following reasons, the motion is granted in part and denied in part.

**I.    BACKGROUND**

Plaintiff Julia Amber Mitchell is a former detainee of Defendant Daviess/DeKalb Regional Jail ("the Jail"). Plaintiff alleges Michael Byrd ("Byrd"), a now former employee of the Jail, made inappropriate sexual comments to her, exposed himself, forced her to have unwanted sexual contact with him, and sexually assaulted her. Doc. #1, at 2-4. The Jail moved to dismiss Plaintiff's common law claims because it was shielded from liability by Missouri's sovereign immunity statute. Doc. #4. The Honorable Beth Phillips granted the motion, and dismissed the common law claims against the Jail. Doc. #8. This matter was then transferred to the undersigned, and consolidated with *Porter v. Byrd*, Case No. 18-6099, for purposes of discovery. Docs. #9-11.

The Jail now moves to dismiss the remaining claims (Counts I, III, IV, and VIII) because there are insufficient allegations of fact to support viable claims against the Jail

---

[1] Plaintiff named "Daviess/DeKalb Regional Jail," but the Jail is not amenable to suit. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). Daviess/DeKalb Regional Jail <u>District</u>, on the other hand, is a statutorily created governmental entity and is amenable to suit. Mo. Rev. Stat. § 221.400, *et seq*. For purposes of this motion, the Court assumes Plaintiff intended to sue Daviess/DeKalb Regional Jail District because "Daviess/DeKalb Regional Jail" cannot be sued.

under section 1983.  Doc. #15.  Plaintiff failed to timely respond to the Jail's motion.  The Court directed Plaintiff to show cause why the Jail's motion should not be granted.  Doc. #17.  Thereafter, without explanation or a request to file out of time, Plaintiff filed her opposition to Defendant's motion.  Doc. #18.  The Jail filed its reply (Doc. #19), and the motion is now fully briefed.

## II.     STANDARD

"Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law."  *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002) (citations omitted).  In considering a motion for judgment on the pleadings, the court "accept[s] as true all facts pleaded by the non-moving party and grant[s] all reasonable inferences from the pleadings in favor of the non-moving party."  *Id.* (citations omitted).  The Court reviews a motion for judgment on the pleadings under the same standard that governs motions to dismiss for failure to state a claim.  *Ashley Cty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The claim for relief must be "'plausible on its face,'" meaning it must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007)).  Mere "'labels and conclusions,'" "'formulaic recitation[s] of the elements of a cause of action,'" and "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient.  *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

## III.    DISCUSSION

### A. Respondeat Superior

The Jail moves to dismiss Plaintiff's claims based upon respondeat superior.  The United States Supreme Court has held a governmental entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents."  *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978).  That is, a local government cannot be held

liable under section 1983 based upon a theory of respondeat superior. *Id.* at 691. Likewise, the Eighth Circuit has held governmental entities "may not be held liable for unconstitutional conduct under a theory of respondeat superior." *Rogers v. King*, 885 F.3d 1118, 1122-23 (8th Cir. 2018) (citations omitted); *see also Vaughn v. Greene Cty.*, 438 F.3d 845, 851 (8th Cir. 2006) (stating "it is well settled the doctrine of *respondeat superior* is inapplicable to section 1983 claims") (citations omitted).

Plaintiff, however, argues she stated a plausible claim of respondeat superior because she asserted Byrd was acting with the scope of his employment. Doc. #18, at 4-8. But the legal authorities to which she cites do not demonstrate a claim based upon respondeat superior is plausible under section 1983. Rather, Plaintiff's cited cases pertain to respondeat superior in the context of common law claims, which are not at issue. *Id.* at 5-8; *Mann v. Heckler & Koch Def., Inc.*, No. 1:08CV611, 2008 WL 4551104, at *7-8 (E.D. Va. Oc. 7, 2008) (finding the plaintiff stated a sufficient claim of vicarious liability for defamatory statements); *Gina Chin & Assocs., Inc. v. First Union Bank*, 260 Va. 533 (2000) (discussing respondeat superior in the context of a negligence claim and abrogating *Kensington Assocs. v. West*, 234 Va. 430 (1987)); *Majorana v. Crown Cent. Petroleum Corp.*, 260 Va. 521 (2000) (addressing respondeat superior related to tort and negligence claims); *Plummer v. Ctr. Psychiatrists, Ltd.*, 252 Va. 233 (1996) (considering application of respondeat superior to assault and battery claims); *Commercial Bus. Sys., Inc. v. Bellsouth Servs., Inc.*, 249 Va. 39 (1995) (finding a fact issue remained as to the application of respondeat superior to a tort claim).[2]

Plaintiff's argument ignores the precedent this Court must follow with regard to section 1983 claims based upon respondeat superior. As set forth above, respondeat superior does not apply to claims brought pursuant to section 1983. Accordingly, the Court grants the Jail's motion for judgment on the pleadings with regard to Count I. To the extent Plaintiff is also attempting to assert respondeat superior claims under Counts III and IV, the Court grants the Jail's motion for judgment on pleadings.

---

[2] Plaintiff relies on cases decided by courts in Virginia but does not explain why she relies on those cases. Moreover, Plaintiff also cites cases that were overruled or abrogated.

B. Policy or Custom

The Jail also moves for judgment on the pleadings with regard to Plaintiff's claims based upon an alleged constitutional violation resulting from the Jail's policy and/or custom. Section 1983 liability may attach to a local government if a constitutional violation resulted from its official policy or custom. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016) (quotations and citations omitted); *see also Monell*, 436 U.S. at 694-95.

> A policy is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters. Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Corwin*, 829 F.3d at 699-700 (internal quotations and citations omitted); *see also Szabla v. City of Brooklyn Park*, 486 F.3d 385, 389-90 (8th Cir. 2007) (en banc).

When claiming a constitutional violation resulted from a policy, "a plaintiff must include allegations…by which one could begin to draw an inference that the conduct complained of resulted from an unconstitutional policy." *Ferguson v. Short*, No. 2:14-CV-04062-NKL, 2014 WL 3925512, at *8 (W.D. Mo. Aug. 12, 2014) (quoting *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004)). "[A] plaintiff need not specifically plead the existence of an unconstitutional policy or incorporate the policy's specific language in the complaint." *Id*.

As best the Court can discern, Plaintiff's allegations related to policy or custom are as follows:

- "Plaintiff's sexual assault by…Byrd and violations of her constitutional rights occurred as a direct result of the policies, acts and omissions of Defendants, which policies include:
  (a) [p]lacing…Byrd in a position of power, authority, and control over the inmates, and allowing him access to otherwise restricted areas within the jail;
  (b) allowing…[Byrd] to take females inmates…by transport to other detention centers, where [Byrd] was unaccompanied by another corrections officer[;]
  (c) failing to adequately train and supervise corrections officers…to protect the constitutional rights of the [inmates];
  (d) [t]he Jail for failing to adequately supervise its agents and employees;

- (e) failing to respond to clear indications that [Byrd] was behaving inappropriately and unlawfully; [and]
- (f) giving [Byrd] unfettered access while transporting female detainees[.]" Doc. #1, ¶ 22.

- The Jail's policies "placed…Byrd in control of the Plaintiff, which gave [him] power and authority over the [Jail's] inmate population…." *Id.* ¶¶ 24-25.

- The Jail "institut[ed] a policy…whereby employees…are not supervised, and granted unfettered access to female inmates…." *Id.* ¶ 37.

- "[T]here…has been a continuing, widespread, persistent pattern of similar rights violations that has created a custom of sexual abuse at the [Jail]." *Id.* ¶ 50.

- The Jail "maintains a policy, practice, procedure and/or custom of allowing male corrections officers solitary unfettered access to female inmates. This policy, practice and custom resulted in a deprivation of Plaintiff[']s federal right(s) which occurred as a direct result of this "policy[.]" *Id.* ¶ 51 (internal quotations omitted).

- The Jail "maintains a policy, practice, procedure and/or custom of allowing a jail guard, such as…Byrd, to manage the jail population and to have unfettered access to female inmates without any supervision." *Id.* ¶ 53; *see also Id.* ¶ 58.

- The Jail "maintained a policy, practice, procedure and/or custom of allowing Byrd to sexually assault Plaintiff while she was under their control." *Id.* ¶ 55.

- The Jail's "policy, practice, procedure and custom of allowing Deputies such as… Byrd to have unfettered, unsupervised access to female prisoners and to sexually assault and rape…caused the deprivation of Plaintiff's constitutional rights to Due Process of law and her right to privacy." *Id.* ¶ 57.

Based upon the foregoing, Plaintiff alleges the Jail, which has final decision-making authority regarding all of its law enforcement activities,[3] has policies permitting unsupervised male officers unfettered access to female inmates,[4] and implicitly approving of sexual assault of inmates. Plaintiff also alleges the Jail permitted Byrd unfettered access to female inmates, and there has been "continuing, widespread, persistent pattern of similar rights violations" that suggests the existence of "a custom of sexual abuse" at the Jail. While the Jail may not actually have such policies or customs, the Court, when

---

[3] Doc. #1, ¶ 52.
[4] Recently, the Eighth Circuit addressed a case involving somewhat similar allegations, but that matter was appealed after the district court granted summary judgment. *Marsh v. Phelps Cty.*, 902 F.3d 745, 752 (8th Cir. 2018) (stating that even if the Eighth Circuit "determine[d] that allowing one employee unfettered access to female inmates constitutes a policy or custom…sufficient to support a claim of liability against Phelps County under § 1983, there is no evidence of such acquiescence on the part of the County in the record…, despite Marsh's assertions to the contrary.").

5

considering the pending motion, must accept as true all facts pleaded by Plaintiff.[5]  The Court finds Plaintiff has alleged sufficient facts that, if accepted as true, state a plausible claim for a constitutional violation resulting from a policy and/or custom.  Thus, the Jail's motion for judgment on the pleadings is denied with regard to these claims under Count III.

### C. Failure to Train and Supervise

In Count III, Plaintiff also alleges the Jail is liable under section 1983 because it failed to train and supervise Byrd.  The Jail moves for judgment on the pleadings on this claim because Plaintiff failed to sufficiently plead that the Jail was on notice that its training procedures were inadequate or likely to result in a constitutional violation.

Under section 1983, the Jail may be subject to liability for inadequate training if "(1) [the Jail's]…training practices [were] inadequate; (2) [the Jail] was deliberately indifferent to the rights of others in adopting them, such that the failure to train reflects a deliberate or conscious choice by [the Jail]; and (3) an alleged deficiency in the… training procedures actually caused the plaintiff's injury."  *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (citations and internal quotations omitted).  Plaintiff alleges, "[o]n information and belief, members of the Jail knew or should have known...Byrd was abusing his official position by forcing and compelling Plaintiff to engage in sexual activity…[and] violating the Plaintiff's constitutional rights, by forcing her to perform an act of oral sex."  Doc. #1, ¶¶ 27-29.[6]

In *Marsh v. Phelps County*, the Eighth Circuit held "there is no patently obvious need to train an officer not to sexually assault detainees in light of the regular law enforcement duties of officers and the fact that '[a]n objectively reasonable officer would know that it is impermissible' to engage in such behavior."  902 F.3d 745, 753 (8th Cir. 2018) (quoting *Parrish*, 594 F.3d at 999).  But, unlike this matter, *Marsh* was decided at the summary judgment stage.  In fact, the Eighth Circuit noted "[n]othing in the <u>record</u> amounts to <u>proof</u> that any failure to train [the officer] caused [the officer] to sexual assault [Plaintiff] or other female inmates or that the County was deliberately indifferent to [Plaintiff's] rights as articulated in her complaint."  *Id*. (citations omitted) (emphasis added).  Here, the Court

---

[5] The Court notes the vast majority of cases cited by the Jail are cases decided after the record has been fully developed.  At this juncture, the Court is limited to the pleadings.

[6] Although Count II (negligent training and supervision) was dismissed, Plaintiff made similar and additional allegations about the Jail's failure to train and supervise Byrd.  Doc. #1, ¶¶ 40, 42-43.

is limited to Plaintiff's allegations, which state a plausible claim of failure to train and supervise under section 1983. Accordingly, the Jail's motion for judgment on the pleadings on this claim is denied.

### D. Eighth Amendment

In Count IV, Plaintiff alleges the Jail violated her rights under the Eighth Amendment by failing to adequately protect her from Byrd's mistreatment. Doc. #1, ¶¶ 65, 67. Nowhere in the parties' briefing is this particular claim discussed. *See* Docs. #15-16, 18-19. To the extent the Jail was requesting judgment on the pleadings on this claim, that request is denied.

### E. 42 U.S.C. § 1988

Count VIII is brought pursuant to 42 U.S.C. § 1988, which allows for recovery of attorneys' fees and costs if Plaintiff succeeds on her section 1983 claims. Because section 1983 claims remaining pending, the Court denies the Jail's request for judgment on the pleadings with regard to Count VIII.

## IV. CONCLUSION

For the foregoing reasons, the Court grants the Jail's motion for judgment on the pleadings with regard to Count I and any other section 1983 claims based upon respondeat superior, but the Court denies the Jail's motion with regard to the remaining claims against the Jail. Specifically, Plaintiff's section 1983 claims against the Jail based upon policy, custom, and/or failure to train and supervise, and her claim based upon the Eighth Amendment remain pending. Also, Plaintiff's request to recover attorneys' fees and costs is still pending.

IT IS SO ORDERED.

DATE: March 6, 2019
/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT